FILED
7/20/2020
Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CONSUELO JORDAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 20-1820 (UNA) |
| ) | |
| ATTORNEY GENERAL WILLIAM BARR, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION**

This matter is before the Court on plaintiff's application to proceed *in forma pauperis* and her *pro se* civil complaint. The application will be granted, and the complaint will be dismissed.

The Court has reviewed plaintiff's complaint, keeping in mind that complaints filed by *pro se* litigants are held to less stringent standards than those applied to formal pleadings drafted by lawyers. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). Even *pro se* litigants, however, must comply with the Federal Rules of Civil Procedure. *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint contain a short and plain statement of the grounds upon which the Court's jurisdiction depends, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for judgment for the relief the pleader seeks. Fed. R. Civ. P. 8(a). The purpose of the minimum standard of Rule 8 is to give fair notice to the defendants of the claim being asserted, sufficient to prepare a responsive answer, to prepare an adequate defense and to determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977).

This complaint begins with what appears to be a claim for pension benefits. In rambling and disjointed form, the complaint mentions plaintiff's late mother and sister, plaintiff's educational background, past employment discrimination and sexual harassment claims plaintiff has made, her complaints against a Metropolitan Police Department Officer, threats plaintiff has received, the improper use of a government seal, and a security clearance. What the complaint lacks, however, is a short and plain statement showing plaintiff's entitlement to the relief she demands, an award of $138 million. For this reason, the complaint fails to meet the pleading standard set forth in Rule 8(a) and must be dismissed.

An Order consistent with this Memorandum Opinion is issued separately.

DATE: July 20, 2020

/s/
JAMES E. BOASBERG
United States District Judge